IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. 505CV 183 |
| v. | ) ) ) | COMPLAINT |
| LAROY THOMAS, INC., | ) ) ) ) ) | |
| Defendant. | ) ) | JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race and to provide relief to Raymond Jackson. The Commission alleges that Defendant LaRoy Thomas, Inc. (hereafter "Defendant"), violated Title VII by subjecting Raymond Jackson to a racially hostile work environment based upon his race, Black.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §451, 1331, 1337, 1343, 1345. This action is authorized and instituted pursuant to Section 706(1)(f) and (3) of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. §2000e-5(f) (1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2.     The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Texas.

## PARTIES

3.     Plaintiff, Equal Employment Opportunity Commission of (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII of the Civil Rights Act of 1964, as amended, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant has continuously been and is now doing business in the State of Texas and the City of Texarkana, and has continuously had at least fifteen employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e-(b), (g) and (h).

## STATEMENTS OF CLAIMS

6.     More than thirty days prior to the institution of this lawsuit, Raymond Jackson filed a charge with the Commission alleging a violation of Title VII of the Civil Rights Act of 1964, as amended, by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     Since at least January 2004, the Defendant has engaged in unlawful employment practices at its Texarkana, Texas, facility in violation of Section 703(a) (1) of Title

VII, 42 U.S.C. §2000e-2(a)(1), by subjecting Raymond Jackson to a racially hostile work environment based upon his race, Black.

8. The result of the foregoing practices has been to deprive Raymond Jackson of equal employment opportunities because of his race.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Raymond Jackson.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race, or which facilitates, condones or encourages employees to create a racially hostile environment.

B. Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Raymond Jackson and eradicate the effects of its past and present unlawful unemployment practices.

C. Order the Defendant to make Raymond Jackson whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including but not limited to, pain and suffering, humiliation, embarrassment, emotional distress, anxiety, and loss often enjoyment of life, in amounts to be

determined at trial.

      D.      Order the Defendant to pay Raymond Jackson punitive damages for its malicious conduct or reckless indifference described in paragraphs 7 and 10 above, in an amount to be determined at trial.

      E.      Grant such further relief as the Court deems necessary and proper in the public interest.

      F.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*Toby Costas for*
ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

TOBY W. COSTAS
Supervisory Trial Attorney
Texas State Bar No. 04855720

DEVIKA S. DUBEY
Senior Trial Attorney
Hawaii State Bar No. 5599

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
(214) 253-2764 (telephone)
(214) 253-2749 (facsimile)